**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER MATTHEW CODDING,** | ) | |
| | ) | |
| **Plaintiff,** | | |
| | ) | |
| **v.** | | **Civil Action No.:** |
| | ) | |
| **HANNAH D. RITTWEGER, in her** | | 4:26-cv-00147-WMR-JHR |
| **individual capacity; JOSHUA LEE** | ) | |
| **RIDDLE, in his individual capacity;** | | |
| **DONNA M. PETTYJOHN, in her** | ) | |
| **individual capacity; BILLY JOE** | | **Jury Trial Demanded** |
| **LINGERFELT, in his individual** | ) | |
| **capacity; and LOGAN EUGENE** | | |
| **NELSON, in his individual capacity.** | ) | |

# C O M P L A I N T

COMES NOW PLAINTIFF, Christopher Matthew Codding, by and through

the undersigned counsel, and hereby files this Complaint for Damages against the

Defendant Hannah D. Rittweger, in her individual capacity, Defendant Joshua Lee

Riddle, in his individual capacity, Donna M. Pettyjohn, in her individual capacity;

Billy Joe Lingerfelt, in his individual capacity, and Logan Eugene Nelson, in his

individual capacity and respectfully shows the Court the following:

## Preliminary Statement

1. This is a civil action brought by an inmate pursuant to Section 42 U.S.C.

1983.  Plaintiff is seeking compensatory and punitive damages  for the vicious beating inflicted upon him by officers employed by the Georgia Department of Corrections (hereinafter referred to as "GDC") and/or the Floyd County Sheriff's Department on June 4, 2024  in the "dress out area" of the Floyd County Jail in Rome, Georgia.

2. On June 4, 2024, Plaintiff was scheduled to be transported from the Floyd County Jail to Jackson State Prison.  Prior to June 4, 2024 and continuing thereafter, defendants entered into a conspiracy initiated by the Defendant Rittweger to commit aggravated assault and terrorize plaintiff.  Defendants Riddle and Pettyjohn were the Plaintiff's transport officers and Defendants Riddle and Pettyjohn  had been in communication with Defendant Rittweger about the Plaintiff and her animosity towards him.

3. Plaintiff was taken into the "dress out area" where he was assaulted by Defendant Riddle.  Plaintiff was struck repeatedly about his face and head by Riddle causing severe bruises and abrasions.  The assault was so violent that the Plaintiff suffered  permanent vision and hearing loss.   While assaulting the Plaintiff the Defendant Riddle threatened him, saying he was a "piece of shit" and that he was going to kill his "bitch ass". He also stated that he knew "people where he (the Plaintiff) was going" and he would make sure they

2

would harm or kill the Plaintiff.    Defendant Lingerfelt observed the assault and stood look out.  Defendant Pettyjohn stood  lookout while the Plaintiff was assaulted and further  talked with jail staff to make sure there were no operational cameras in the area where the Plaintiff was being assaulted. After the assault by Riddle on the Plaintiff, he and Riddle communicated about the beating and intimidation administered by Riddle.

4. Although, the Defendant Nelson had stood by the door of the dress out area and took no action to intervene once he was aware of the ongoing assault, he later reported the incident to his superiors which prompted an investigation by the Georgia Bureau of Investigation (GBI).  Prior to Nelson subsequently reporting the incident, none of the Defendants who participated in the assault filed any incident reports indicating that force had been used on the Plaintiff.

5. Subsequent to the investigation, disciplinary action was taken against the Defendants and all of the Defendants were indicted by a Floyd County, Georgia Grand Jury on charges ranging from Aggravated Assault, Terroristic Threats, Cruelty to Inmate, Battery, Violation of Oath by Public Officer, Conspiracy to Commit Aggravated Assault, Conspiracy to Commit Terroristic Threats, and Conspiracy to Commit Cruelty to Inmate.  Defendants Riddle, Pettyjohn and Ingerfelt have entered pleas of guilty to a felony charge and

3

been sentenced. Cases against Rittweger and Nelson have not been finally adjudicated as of the filing of this complaint. After an investigation was instigated by the GBI, several of the Defendants were additionally charged for lying to investigators about the incident in question.

6. The Defendants' acts and omissions contributed to the assault on the Plaintiff directly and proximately resulted in the violation of the Plaintiff's rights to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

7. Plaintiff seeks compensatory and punitive damages against the Defendants for maliciously and intentionally assaulting him in order to cause harm.

## Jurisdiction

8. This action is brought pursuant to 42 U.S.C. Sec. 1983. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331 and Sec. 1343 (a)(3) and (4).

## Venue

9. Venue is proper in this District and in the Rome Division because the incident occurred at the Floyd County Jail in Rome, Georgia. Said site is within the district and divisional boundaries of the Northern District of Georgia, Rome Division.

4

**Plaintiff**

10. Plaintiff, Christopher Matthew Codding, was at all times relevant to this proceeding, a resident citizen of the State of Georgia. On June 4, 2024, he was an inmate in the custody of the GDC, temporarily housed in the Floyd County Jail in Rome, Georgia awaiting transfer to Jackson State Prison on the day of the incident in question. He currently is in the custody of the GDC at Washington State Prison in Davisboro, Georgia.

**Defendants**

11. The Defendant Hannah D. Rittweger, at all times relevant to this action, was an Investigator for the GDC. Sometime prior to June 4, 2024, she set in motion a plan to terrorize and beat the Plaintiff with other Defendants when he was to be transferred from the Floyd County Jail to a state prison. Rittweger personally incited, directed and ratified the unconstitutional beating of the Plaintiff as described herein. The Defendant Rittweger is sued in her official and individual capacity.

12. The Defendant Joshua Lee Riddle, at all times relevant to this action, was a Corrections Officer and Transport Officer for the GDC. After being provided specific information concerning the Plaintiff's charges and personal history by the Defendant Rittweger, and being one of the transport officers for the

5

13. Plaintiff on June 4, 2024, Riddle physically assaulted the Plaintiff in the Floyd County Jail's "dress out area" by repeatedly striking him in the head and face. Riddle further threatened that he would kill the Plaintiff or make sure he was killed. The Defendant Riddle subjected the Plaintiff to excessive force without legitimate reason for the purpose of inflicting serious bodily harm and intimidation to the Plaintiff. Riddle is sued in his official and individual capacity.

14. The Defendant Donna Michelle Pettyjohn, was at all times relevant to this action, a Corrections officer and Transport officer for the GDC. On or before June 4, 2024, Pettyjohn was made aware of Rittweger and Riddle's plan to assault and intimidate the Plaintiff in the "dress out area" of the Floyd County Jail. Pettyjohn served as a "lookout" while the beating of the Plaintiff was being administered to the Plaintiff. Additionally, she further questioned Floyd County jail staff to ensure there were no operational security cameras in the area where the assault was taking place. Pettyjohn conspired with the other Defendants to subject excessive force against the Plaintiff without sufficient reason for the purpose of inflicting serious bodily harm and intimidation to the Plaintiff. Pettyjohn is sued in her official and individual capacity.

15. The Defendant Billy Joe Lingerfelt, at all times relevant to this action, was a

6

Corrections Officer for the GDC. Lingerfelt, like the Defendant Pettyjohn, was also aware of Rittweger and Riddle's plan to assault and intimidate the Plaintiff at the time he was to be transferred from the Floyd County Jail to Jackson State Prison.  Lingerfelt observed the beating being administered to the Plaintiff and stood as a "lookout" while the incident was occurring. Lingerfelt conspired with the other Defendants to subject the Plaintiff to excessive force against the Plaintiff without sufficient reason for the purpose of inflicting serious bodily harm and intimidation to the Plaintiff.   Lingerfelt is sued in his official and individual capacity.

16. The Defendant Logan Eugene Nelson, was at all times relevant to this action, employed as a Deputy Sheriff and Jail Officer for the Floyd County Sheriff's Department.   While not a part of the premeditated plan to assault and intimidate the Plaintiff, once the beating of the Plaintiff began he stood by the door to the "dress out area" and failed to take any action to stop the beating or intervene once he was aware of the ongoing assault.   Said inaction was contrary to his duties as a Deputy Sheriff and Jail Officer.  Therefore, Nelson contributed to subjecting the Plaintiff to excessive force which caused the infliction of serious bodily injury and intimidation of the Plaintiff.  Nelson is sued in his official and individual capacity.

17. All of the Defendants are citizens of the United States and the State of Georgia.  At all times relevant herein, the Defendants Rittweger, Riddle, Pettyjohn and Lingerfelt acted under color of state law and on behalf of the GDC.  The Defendant Nelson acted under color of state law and on behalf of the Floyd County Sheriff's Department.

**Statement of Facts**

18. The Plaintiff pled guilty to felonies in the Superior Court of Floyd County and was sentenced by the Court on May 16, 2024 to  incarceration in the an institution within the Georgia Department of Corrections. Plaintiff was in the custody of the GDC and confined to the Floyd County Jail awaiting transportation to a state prison on June 4, 2024.

19. The Defendant Rittweger, was an Investigator with Georgia Department of Corrections (GDC) and part of her duties included investigating "use of force" incidents involving GDC staff.

20. The Defendant Rittweger had personal animosity towards the Plaintiff and initiated a scheme or plan to cause bodily harm and intimidation to the Plaintiff prior to June 4, 2024

21. The Defendant Rittweger contacted the Defendant Joshua Riddle , a Corrections Officer and Transport Officer for the GDC and communicated her

22. dislike for the Plaintiff and gave specific information about the charges and personal history of the Plaintiff. Rittweger knew that Defendants Riddle and Pettyjohn would be the Plaintiff's transport officers when he was transferred to a state prison.

23. Defendant Rittweger requested that Defendant Riddle let her know when the Plaintiff was scheduled to be transported. On or about June 4, 2024, Riddle contacted Rittweger to confirm the Plaintiff's name and stated that what she (Rittweger) had told him about the Plaintiff really "pissed him off" and that, "we have plans for when we get him". The Defendant Pettyjohn was also one of the Plaintiff's transport officers. Rittweger exchanged texts and screenshots about the Plaintiff that day with Riddle.

24. On June 4, 2024, Riddle and Pettyjohn arrived at the Floyd County Jail to transport the Plaintiff to Jackson State Prison. The Defendants Rittweger, Riddle, Pettyjohn and Lingerfelt were all aware of a plan to do "something"to the Plaintiff with the intent to harm and intimidate him.

25. The Plaintiff was led into the "dress out area" of the Floyd County Jail by Riddle. Riddle ordered the shackled Plaintiff to place his hands on the wall. Riddle then began to viciously beat the Plaintiff about his head and face. Riddle used his hands and possibly another object to repeatedly strike

9

Plaintiff. During the beating, Riddle called Plaintiff a "piece of shit" and told him, "I'm going to kill your bitch ass".  Riddle further told the Plaintiff that he, "hoped he died in prison" and that he knew people where Plaintiff was going and that "I'll see to it that you're killed".

26. The Defendant Lingerfelt watched the ongoing beating and served as lookout while the incident was taking place.  Defendant Pettyjohn also served as a look out and went so far as to question jail staff to ensure that there were no operational security cameras in the area where the assault was taking place.

27. The Defendant Nelson,  a Deputy Sheriff and Jail Officer for the Floyd County Sheriff's Department was on duty when the above described incident occurred and near the "dress out area".  Nelson became aware of the beating being inflicted upon the Plaintiff but  and failed to take action or intervene once the assault of the Plaintiff  Riddle had commenced.  Failure to do so was contrary to Nelson's duty as a Deputy Sheriff and Jail Officer.

28. As a result of the assault, Plaintiff suffered serious injuries to his face and head.  The beating was so severe that it caused serious loss of hearing and vision in the Plaintiff's left ear and left eye respectively.  The Plaintiff suffered pain and suffering, extreme emotional distress and was fearful for his life and safety going forward.

10

29. After the assault, the Defendant Riddle sent an instant message to the Defendant Rittweger stating that he, "had a talk with that guy this morning. I think he got my message, lol". Rittweger asked what he said and Riddle asked her to call him. Rittweger called Riddle, and according to Rittweger, was told that he (Riddle) had called Codding a piece of shit, hoped he died in prison and admitted to slapping Codding. The Defendant Rittweger told Riddle he could get in "trouble" for doing that but Riddle responded by saying the incident occurred in a back room and no one else was there to see it and that when another officer asked him if something had happened he responded, "no".

30. Shortly after June 4, 2024, an investigation was instituted by the Georgia Bureau of Investigation (GBI) regarding the beating of the Plaintiff and the GDC officers' involvement with it.

31. The investigation by the GBI resulted in indictments being issued against all of the Defendants in July, 2024 and all were arrested on or about August 2, 2024.

32. The Defendant Rittweger was charged with the following:

a) Conspiracy to Commit Aggravated Assault in violation of O.C.G.A. 16-4-8 and 16-5-21
b) Conspiracy to Commit Terroristic Threats in violation of O.C.G.A 16-4-8 and 16-11-37

11

   c) Conspiracy to Commit Cruelty to Inmate in violation of O.C.G.A 16-4-8 and 42-4-5

33. The Defendant Riddle was charged with the following:

   a) Aggravated Assault in violation of O.C.G.A 16-5-21

   b) Terroristic Threats in violation of O.C.G.A. 16-11-37(b)
   c) Cruelty to Inmate in violation of O.C.G.A. 42-4-5
   d) Battery in violation of O.C.G.A. 16-5-23.1
   e) Violation of Oath by Public Officer in violation of O.C.G.A 16-10-1

34. The Defendant Pettyjohn was charged with the following:

   a) Conspiracy to Commit Aggravated Assault in violation of O.C.G.A. 16-4-8 and 16-5-21
   b) Conspiracy to Commit Terroristic Threats in violation of O.C.G.A. 16-4-8 and 16-11-37
   c) Conspiracy to Commit Cruelty to Inmate in violation of O.C.G.A. 16-4-8 and 42-45

35. The Defendant Lingerfelt was charged with the following:

   a) Aggravated Assault in violation of O.C.G.A. 6-5-21
   b) Terroristic Threats in violation of O.C.G.A. 16-11-37(b)
   c) Cruelty to Inmate in violation of O.C.G.A. 42-4-5
   d) Battery in violation of O.C.G.A. 16-5-23.1
   e) Violation of Oath by a Public Officer in violation of O.C.G.A 16-10-1

36. The Defendant Nelson was charged with the following:

   a) Aggravated Assault in violation of O.C.G.A. 16-5-21
   b) Terroristic Threats in violation of O.C.G.A. 16-11-37
   c) Cruelty to Inmate in violation of O.C.G.A 42-4-5
   d) Battery in violation of O.C.G.A 15-5-23.1
   e) Violation of Oath by Public Officer in violation of O.C.G.A 16-10-1

12

37. After the arrest of the Defendants for the various felonies, all were released on bond except the Defendant Rittweger who was initially denied bond due to her role as the ringleader of the conspiracy to assault and intimidate the Plaintiff.

38. In addition to the above charges, it is the information and belief of the Plaintiff that the Defendant Rittweger was also charged with lying to investigators from the GBI. To the best of Plaintiff's knowledge that case is still pending.

39. It is also the information and belief of the Plaintiff that all of the Defendants lost their jobs as a result of the actions taken against the Plaintiff which violated a myriad of laws and rules and regulations regarding their employment.

40. The Defendant Riddle eventually pled guilty to the felony charge of Cruelty to an Inmate and was sentenced to three (3) years in prison with two (2) to serve and the last year on probation. He is currently serving his sentence.

41. The Defendant Pettyjohn pled guilty to a felony charge and was sentenced to five (5) years of probation.

42. The Defendant Ingerfelt pled guilty to a felony charge and was sentenced to five (5) years of probation.

13

43. The indictment against the Defendant Nelson was dismissed because of a technical flaw in the wording of the indictment. The Plaintiff is not privy to whether additional charges may be brought against this defendant.

44. As to the charges against the Defendant Rittweger, it is the information and belief of the Plaintiff, that the charges against this defendant have not been completely adjudicated as of the filing of this complaint.

45. The Plaintiff, while initially taken to Jackson Prison, he was shortly transferred to Metro Prison due to fear for his safety and physical problems suffered by the Plaintiff.

46. Plaintiff filed an affidavit about the matter on or about August 20, 2024 and described the need for a safe dorm and referenced the June 4, 2024 attack. Due to fear of retaliation and the threats from Riddle and Plaintiff did not file a formal grievance about the matter until June 23, 2025. The grievance was accepted by the GDC.

## COUNT I

### Violation of Eighth and Fourteenth Amendments
### to the United States Constitution and 42 U.S.C. Sec. 1983
### by Defendant Officers Rittweger, Riddle, Pettyjohn, Lingerfelt and Nelson

47. The Plaintiff adopts and incorporates by reference Paragraphs 1-44 as if fully set out herein.

14

48. Defendants Rittweger, Riddle, Pettyjohn, Lingerfelt and Nelson (collectively the "Defendant Officers"), acting under color of state law, violated the Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution of the United States by using force and intimidation to maliciously and sadistically cause harm to the Plaintiff. The force used by the Defendant Officers, while Plaintiff was restrained and unresisting was intentional, excessive and done maliciously to physically and mentally harm the Plaintiff.

49. As a proximate result of the Defendant Officers' actions, Plaintiff suffered substantial physical and emotional injuries and has suffered damages in an amount to be proven at trial.

50. The Defendant Officers' above described actions were willful, deliberate, and in reckless disregard of the constitutional rights of the Plaintiff, and should be punished and deterred by an award of punitive damages in an amount to be determined at trial. Punitive damages are necessary to deter future Eighth amendment excessive force by others similarly situated as the Defendants in this case were.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Court:

a) Assume jurisdiction over this action;

b) Declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States;

c) Enter judgment in favor of the Plaintiff for compensatory damages and punitive damages, as allowed by law, against each Defendant, jointly and severall.

d) Award Plaintiff the costs of this lawsuit and reasonable attorney's fees, expert fees and expenses pursuant to 42 U.S.C. Section 1988(b) & (c) and as otherwise allowed by law.

e) Order such other further and different relief to which the Court may deem just and proper.

Respectfully submitted this 3rd day of June, 2026.

/s/ JAMES T. SASSER
James T. Sasser, Attorney for Plaintiff
(Georgia Bar No.:  525510)
200 Doug Baker Blvd. Ste. 600
PMB 353
Birmingham, AL 35242
(256) 390-1050
jtsasserlaw@gmail.com

## LOCAL RULE 7.1(D) CERTIFICATION

In accordance with LR 7.1(D), ND Ga, the undersigned counsel hereby certifies that this computer document was prepared in Times New Roman 14-point font, which is approved by the Court in Local Rule 5.1(B).

This 3rd day of June, 2026

/s/ James T.  Sasser                                  16

Defendants may be served at:

HANNAH D. RITTWEGER
52 Wesley Mill Drive
Adairsville, GA 30103

JOSHUA LEE RIDDLE
GDC # 1004012241
Long Unit
1434 US. Hwy. 84 East
Ludowici, GA 31316

DONNA M. PETTYJOHN
601 Old Highway 27
Rock Spring, GA 30739

BILLY JOE INGERFELT
104 Hendrix Street
Lafayette, GA

LOGAN EUGENE NELSON
700 Lee Ave. Unit C
Rome, GA 30161

Courtesy Copies served by Plaintiff's Attorney to:

Bryan Wilson
Interim General Counsel
Georgia Department of Corrections
300 Patrol Road
Forsyth, GA 31029

Floyd County Sheriff's Office
2526 New Calhoun Highway
Rome, GA 30161

17